UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| DONOVAN MIDDLETON, HARVESTER NUTRITION, LLC, EDGAR ROJAS, CHRISTINA SOARES, HERMAN HOURIE, NUTRITION CASTLE, LLC, BRIGHT FUTURE HOLDINGS, LLC, VIVIFY, INC., KATHERINA JERAK, M.G. NUTRITION, LLC, AND WARRIOR FITNESS & NUTRITION, LLC,<br><br>    Plaintiffs,<br><br>-vs-<br><br><br>COMPLETE NUTRITION FRANCHISING, LLC,<br><br>    Defendant. | Case Number: 8:18-CV-115 |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR TO COMPEL MEDIATION
OR, ALTERNATIVELY, TO STAY PENDING MEDIATION**

Defendant, Complete Nutrition Franchising, LLC, by its undersigned counsel, Saul Ewing Arnstein & Lehr LLP, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Donovan Middleton, Harvester Nutrition, LLC, Edgar Rojas, Christina Soares, Herman Hourie, Nutrition Castle, LLC, Bright Future Holdings, LLC, Vivify, LLC, and Warrior Fitness & Nutrition, LLC's Complaint for failure to satisfy conditions precedent prior to filing suit pursuant to Federal Rule of Civil Procedure 9.

## BACKGROUND

Plaintiffs' complaint (the "Complaint") arises out of a number of independent franchise agreements asserted by the separate Plaintiffs, Donovan Middleton, Harvester Nutrition, LLC, Edgar Rojas, Christina Soares, Herman Hourie, Nutrition Castle, LLC, Bright Future Holdings, LLC, Vivify, LLC, and Warrior Fitness & Nutrition, LLC (together, the "Plaintiffs") over the

1

course of several years – from 2011 through 2017. Although some of the Plaintiffs entered into these agreements with Defendant, Complete Nutrition Franchising, LLC ("Complete Nutrition"), some Plaintiffs did not enter these agreements directly with Complete Nutrition, but received them as an assignee from another party. Plaintiffs are each independent franchisees of Complete Nutrition. Complaint, ¶¶ 1-17.[1]

Plaintiff, Donovan Middleton ("Middleton"), entered into a franchise agreement with Complete Nutrition on December 18, 2015 to open a franchise in Las Vegas, NV. *Id*. at ¶ 1. Middleton assigned his franchise agreement to Plaintiff, Harvester Nutrition, LLC ("Harvester Nutrition") on June 15, 2016. *Id*.

Harvester Nutrition executed an Agreement of Understanding Granting Multiple Franchises with Complete Nutrition on February 10, 2017. *Id*. at ¶ 2. Harvester Nutrition thereafter entered into franchise agreements with Complete Nutrition to open franchises in Grand Junction, CO on June 28, 2017, in Henderson, NV on June 28, 2017, and in Weston, FL on March 10, 2016. *Id*. at ¶¶ 2-4.

Plaintiffs Edgar Rojas and Cristina Soares entered into a franchise agreement with Complete Nutrition on March 10, 2016 to open a franchise in Weston, FL. *Id*. at ¶ 5.

Plaintiff Herman Hourie ("Hourie") entered into a franchise agreement with Complete Nutrition on January 29, 2016 to open a franchise in Pompano Beach, FL. *Id*. at ¶ 6. Hourie assigned this franchise agreement to Plaintiff Nutrition Castle, LLC ("Nutrition Castle") on April 4, 2016. *Id*.

---

[1] Complete Nutrition is also filing, contemporaneously with its Motion to Dismiss or to Compel Mediation or, Alternatively, to Stay Pending Mediation, a Motion to Sever and a Motion for a More Definite Statement.

Plaintiff Bright Future Holdings, LLC ("Bright Future") entered into a franchise agreement with Complete Nutrition on April 5, 2017 to open a franchise in Fort Meyers, FL. *Id*. at ¶ 7.

Plaintiff Vivify, Inc. ("Vivify") entered into franchise agreements with Complete Nutrition on April 5, 2017 and November 9, 2017 to open franchises in Cape Coral, FL and Charleston, SC, respectively. *Id*. at ¶ 9.

Plaintiff Katherina Jerak ("Jerak") entered into a franchise agreement with Complete Nutrition on April 20, 2016 to open a franchise in Miami, FL. *Id*. at ¶ 10.

Plaintiff M.G. Nutrition, LLC entered into franchise agreements on the following dates for the following locations:

    a. January 31, 2011: South Jordan, UT;

    b. October 13, 2011: American Fork, UT;

    c. January 31, 2011: Sandy, UT;

    d. September 5, 2012: Salt Lake City, UT;

    e. September 1, 2016: St. George, UT; and

    f. September 8, 2016; Bountiful, UT.

*Id*. at ¶¶ 11-16.

Plaintiff Warrior Fitness & Nutrition, Inc. ("Warrior Fitness") entered into a franchise agreement with Complete Nutrition on March 15, 2017 to open a franchise in Greenwood, IN. *Id*. at ¶ 17.[2]

---

[2] For the Court's convenience, the foregoing transactions are itemized in the attached chart marked as **Appendix 1**, which also includes a summary of the applicable manners of dispute resolution.

Plaintiffs generally state that they were misled by Complete Nutrition's marketing materials and other representations regarding the potential profitability of becoming a Complete Nutrition franchisee. *Id.* at ¶¶ 65-73. The Complaint includes variations of the following causes of action, all of which are based on separate events: breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation/fraudulent concealment, violation of the Nebraska Deceptive Trade Practices Act, violation of the Florida Franchise Act, and violation of the Indiana Deceptive Franchise Practices Act.

However, each of Plaintiffs' separate franchise agreements with Complete Nutrition require that the parties to their respective franchise agreement(s) submit to non-binding mediation before commencing legal action. Specifically, Plaintiffs' franchise agreements for franchises located in South Jordan, UT, American Fork, UT, Sandy, UT, and Salt Lake City, UT, include the following provision governing dispute resolution:

> Franchisor and Franchisee acknowledge that, during the term of this Agreement, disputes may arise regarding their relationship, rights and obligations under this Agreement. To facilitate resolution of these disputes, Franchisor and Franchisee agree that, during the term of this Agreement, before commencing an arbitration action, Franchisor and Franchisee shall submit any dispute arising from or relating to this Agreement or their relationship (other than disputes relating to the Marks or to Franchisee's failure to pay amounts owed to Franchisor or its affiliates) for non-binding mediation. The mediation shall occur in the county where Franchisor's headquarters are then located and shall be conducted by one (1) mediator under the then current Commercial Mediation Rules of the American Arbitration Association. Any statements made by any person during the mediation shall not be admissible in any subsequent litigation or arbitration proceeding. Franchisor and Franchisee shall each bear their own costs and expenses for the mediation and share equally the costs of any independent third parties or fees required for the mediation. If the dispute is not resolved within forty-five (45) days after the mediator is appointed, either Franchisor or Franchisee may bring an arbitration action according to the terms of this agreement.
> Notwithstanding anything to the contrary contained in this Section or [the following on Governing Law], Franchisor and Franchisee have the right in a

proper case to obtain temporary restraining orders and temporary or preliminary injunctive relief from a court of competent jurisdiction. In that case, Franchisor and Franchisee agree to contemporaneously submit Franchisor's dispute for arbitration on the merits according to [the following Section on Governing Law]. Furthermore, nothing in this Section or [the following on Governing Law] shall limit either party's right to deliver a notice of default under, and terminate, this Agreement in accordance with Section 15.

(Franchise Agreement, South Jordan, UT, attached hereto as **Exhibit A**, Section 18.F; Franchise Agreement, Sandy, UT, attached hereto as **Exhibit B**, Section 18.F; Franchise Agreement, American Fork, UT, attached hereto as **Exhibit C**, Section 18.F; Franchise Agreement, Salt Lake City, UT, attached hereto as **Exhibit D**, Section 18.F.). *See Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (stating that "[i]n a case involving a contract, the court may examine the contract documents on deciding a motion to dismiss.").

Section 18.G of these franchise agreements then provides that "subject to the parties' right to obtain temporary restraining orders and preliminary injunctive relief, all controversies, disputes or claims between Franchisor . . . and Franchisee" relating to the franchise agreements are to be submitted for arbitration. (Franchise Agreement, South Jordan, UT, Section 18.G; Franchise Agreement, American Fork, UT, Section 18.G; Franchise Agreement, Sandy, UT, Section 18.G; Franchise Agreement, Salt Lake City, UT, Section 18.G.)

The remaining franchise agreements with Complete Nutrition for the franchises located in Las Vegas, NV, Grand Junction, CO, Henderson, NV, Weston, FL, Pompano Beach, FL, Fort Myers, FL, Cape Coral, FL, Charleston, SC, Miami, FL, and Bountiful, UT include the following provision:

> Franchisor and Franchisee acknowledge that, during the term of this Agreement, disputes may arise regarding their relationship, rights and obligations under this Agreement. To facilitate resolution of these disputes, Franchisor and Franchisee agree that, during the term of this Agreement, before commencing an action, Franchisor and Franchisee shall submit any dispute arising from or relating to this

>Agreement or their relationship (other than disputes relating to the Marks or to Franchisee's failure to pay amounts owed to Franchisor or its affiliates) for non-binding mediation. The mediation shall occur in the county where Franchisor's headquarters are then located and shall be conducted by one (1) mediator under the then current Commercial Mediation Rules of the American Arbitration Association. Any statements made by any person during the mediation shall not be admissible in any subsequent litigation or arbitration proceeding. Franchisor and Franchisee shall each bear their own costs and expenses for the mediation and share equally the costs of any independent third parties or fees required for the mediation. If the dispute is not resolved within forty-five (45) days after the mediator is appointed, either Franchisor or Franchisee may bring an action according to the terms of this Agreement. Notwithstanding anything to the contrary contained in this Section, Franchisor and Franchisee have the right in a proper case to obtain temporary restraining orders and temporary or preliminary injunctive relief from a court of competent jurisdiction. In that case, Franchisor and Franchisee agree to contemporaneously submit Franchisor's dispute for mediation in accordance with [this Section]. Furthermore, nothing in this section or [the following providing Governing Law] shall limit either party's right to deliver a notice of default under, and terminate, this Agreement in accordance with Section 15.

(Franchise Agreement, Las Vegas, NV, attached hereto as **Exhibit E**, Section 18.E; Franchise Agreement, Pompano Beach, FL, attached hereto as **Exhibit F**, Section 18.E; Franchise Agreement, Weston, FL, attached hereto as **Exhibit G**, Section 18.E; Franchise Agreement, Miami, FL, attached hereto as **Exhibit H**, Section 18.E; Franchise Agreement, St. George, UT, attached hereto as **Exhibit I**, Section 18.F; Franchise Agreement, Bountiful, UT, attached hereto as **Exhibit J**, Section 18.F; Franchise Agreement, Greenwood, IN, attached hereto as **Exhibit K**, Section 18.F; Franchise Agreement, Cape Coral, FL, attached hereto as **Exhibit L**, Section 18.F; Franchise Agreement, Fort Myers, FL, attached hereto as **Exhibit M**, Section 18.F; Franchise Agreement, Grand Junction, CO, attached hereto as **Exhibit N**, Section 18.F; Franchise Agreement, Henderson, NV, attached hereto as **Exhibit O**, Section 18.F; Franchise Agreement, Charleston, SC, attached hereto as **Exhibit P**, Section 18.F.)

Despite the foregoing provisions in Plaintiffs' franchise agreements with Complete Nutrition, Plaintiffs have failed to engage in the specified alternative dispute resolution with Complete Nutrition before filing suit. Their failure to do so constitutes a failure to satisfy a condition precedent pursuant to Federal Rule of Civil Procedure 9(c), and therefore warrants dismissal of their claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

Plaintiffs have completely disregarded their obligations under the franchise agreements they entered into with Complete Nutrition. These agreements contain clear and unequivocal requirements that prior to either party filing suit, any dispute must be submitted to either mediation or arbitration. As Plaintiffs have improvidently brought suit before this Court without submitting their claims to either mediation or arbitration, as respectively required to do, the Court must dismiss their Complaint.

### I. Applicable Law

Federal Rule of Civil Procedure 9(c) "requires a plaintiff to plead that 'all conditions precedent have been performed or have occurred.'" *Price v. Wisconsin Services Corp.*, 55 F. Supp. 2d 952, 954 (E.D. Wis. 1999). "An essential allegation of a complaint based upon a breach of contract is that the plaintiff performed all contractual conditions required of him." *Redfield v. Continental Cas. Corp.*, 818 F. 2d 596, 610 (7th Cir. 1987). Where a contract requires mediation before litigation is commenced, that requirement is a condition precedent to bringing suit. *See e.g., HIM Portland, LLC v. DeVito Bldrs, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003) (court refused to compel arbitration where neither party had requested mediation as required by their contract); *Darling's v. Nissan N. Am., Inc.*, 117 F. Supp. 2d 54, 61 (D. Me. 2000) (finding that the plaintiff

was required to make a written demand for non-binding mediation as a prerequisite to filing suit).

## II. The Complaint Fails to Allege That the Plaintiffs Have Complied With All Conditions Precedent to Bringing and Maintaining This Action

Plaintiffs' respective franchise agreements with Complete Nutrition contain clear and unequivocal provisions requiring that any disputes be submitted to non-binding mediation *before* the filing of any claim in court. This obligation constitutes a condition precedent to filing suit. Therefore, in order to state a claim on these contracts, Plaintiffs are required to plead, at least generally, "that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Given Plaintiffs' complete failure to fulfill their obligation by alleging that these conditions precedent have been satisfied, they are not entitled to maintain suit at this time, and the Court must dismiss their Complaint and compel mediation. *See Ponce Roofing, Inc. v. Roumel Corp.*, 190 F. Supp. 2d 264, 267 (D.P.R. 2002) (dismissing the case because the contract required the parties to submit their dispute to mediation first, and then to arbitration if necessary); *see also Dobson bros. Constr. Co. v. Ratliff, Inc.*, No. 4:08:CV3103, 2008 WL 4981358, at *12 (D. Neb. Nov. 6, 2008) (finding arbitration appropriate where the parties' contract contained a provision requiring submission of disputes to mediation or arbitration).

While a plaintiff's failure to satisfy a condition precedent generally results in a nonsuit, courts may decline to dismiss the action and, instead, enter a stay pending completion of the mediation process. *See, e.g., Advanced Bodycare Solutions, LLC v. Thione Intern., Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) (granting stay to permit mediation as the decision to do so is within the district court's discretion); *Omni Tech Corp. v. MPC Solutions Sales, LLC*, 432 F.3d 797, 800 (7th Cir. 2005) (finding that a stay of the suit was appropriate where parties had agreed to

alternative dispute resolution); *R&F, LLC v. Brooke Corp.*, 2008 WL 294517, *2 (D. Kan. Jan. 31, 2008) (holding that the proper remedy is to stay suit while the parties conduct mediation).

Accordingly, as the instant case resembles the above-cited cases, should the Court to decline to dismiss Plaintiffs' Complaint for failure to satisfy a condition precedent, Complete Nutrition requests that the Court enter a stay so that the parties may submit their disputes to mediation.

WHEREFORE, Defendant, Complete Nutrition Franchising, LLC, respectfully moves this Court to dismiss the claims brought by Plaintiffs Donovan Middleton, Harvester Nutrition, LLC, Edgar Rojas, Christina Soares, Herman Hourie, Nutrition Castle, LLC, Bright Future Holdings, LLC, Vivify, LLC, and Warrior Fitness & Nutrition, LLC and to compel mediation. Alternatively, Complete Nutrition requests that the Court stay these proceedings until the parties complete mediation according to their contracts.

Dated:  April 20, 2018                             Respectfully submitted,

                                                           Complete Nutrition Franchising, LLC, Defendant

By: /s/ Eugene J. Geekie, Jr.
    Eugene J. Geekie, Jr. (admitted pro hac vice)
    Konstantinos Armiros (admitted pro hac vice)
    Thomas A. Laser (admitted pro hac vice)
    Saul Ewing Arnstein & Lehr LLP
    161 N. Clark Street, Suite 4200
    Chicago, Illinois 60601
    Phone:    (312) 876-7100
    Email:    eugene.geekie@saul.com
               konstantinos.armiros@saul.com
              tom.laser@saul.com

    and

    Erin Ebeler Rolf, No. 23923
    Woods & Aitken LLP
    301 S 13th Street, Suite 500
    Lincoln, Nebraska 68508
    Phone:    402-437-8500
    Email:    eerolf@woodsaitken.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed using the CM/ECF system on April 20, 2018, which transmitted the same to all counsel registered to receive service via the same.

/s/ Eugene J. Geekie, Jr.  
Eugene J. Geekie, Jr.

114836896.4

**Appendix 1: Listing of Plaintiffs, Franchise Agreement Dates, Locations, and Manner of Dispute Resolution**

| Transaction Number | Date of Franchise or Other Agreement at Issue[3] | Plaintiff | Assignment (if applicable) | Location of Franchise at Issue | Manner of Dispute Resolution |
|---|---|---|---|---|---|
| 1 | January 31, 2011 | M.G. Nutrition, LLC (Compl. ¶¶ 11-16.) | | South Jordan, UT | Mediation, then arbitration (court of proper jurisdiction for TRO's and injunctive relief) |
| 2 | January 31, 2011 | M.G. Nutrition, LLC (Compl. ¶¶ 11-16.) | | Sandy, UT | Mediation, then arbitration (court of proper jurisdiction for TRO's and injunctive relief) |
| 3 | October 13, 2011 | M.G. Nutrition, LLC (Compl. ¶¶ 11-16.) | | American Fork, UT | Mediation, then arbitration (court of proper jurisdiction for TRO's and injunctive relief) |
| 4 | September 5, 2012 | M.G. Nutrition, LLC (Compl. ¶¶ 11-16.) | | Salt Lake City, UT | Mediation, then arbitration (court of proper jurisdiction for TRO's and injunctive relief) |
| 5 | Dec. 18, 2015 | Donovan Middleton | Later assigned to | Las Vegas, NV | Mediation (court of |

---

[3] All agreements identified are Franchise Agreements unless otherwise stated.

| Transaction Number | Date of Franchise or Other Agreement at Issue[3] | Plaintiff | Assignment (if applicable) | Location of Franchise at Issue | Manner of Dispute Resolution |
|---|---|---|---|---|---|
| | | (Compl. ¶ 1.) | Harvester Nutrition, LLC on June 15, 2016 | | proper jurisdiction for TRO's and injunctive relief) |
| 6 | January 29, 2016 | Herman Hourie (Compl. ¶ 6.) | Later assigned to Nutrition Castle, LLC on April 4, 2016 | Pompano Beach, FL | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 7 | March 10, 2016 | Edgar Rojas and Cristina Soares (Compl. ¶ 5.) | | Weston, FL | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 8 | April 20, 2016 | Katherina Jerak (Compl. ¶ 10.) | | Miami, FL | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 9 | September 1, 2016 | M.G. Nutrition, LLC (Compl. ¶¶ 11-16.) | | St. George, UT | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 10 | September 8, 2016 | M.G. Nutrition, LLC (Compl. ¶¶ 11-16.) | | Bountiful, UT | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 11 | Feb. 10, 2017 (MOU Granting Multiple | Harvester Nutrition, LLC | | N/A | N/A |

13

| Transaction Number | Date of Franchise or Other Agreement at Issue[3] | Plaintiff | Assignment (if applicable) | Location of Franchise at Issue | Manner of Dispute Resolution |
|---|---|---|---|---|---|
| | Franchises) | (Compl. ¶¶ 2-4.) | | | |
| 12 | March 15, 2017 | Warrior Fitness & Nutrition, Inc. (Compl. ¶ 17.) | | Greenwood, IN | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 13 | April 5, 2017 | Vivify, Inc. (Compl. ¶¶ 8-9.) | | Cape Coral, FL | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 14 | April 5, 2017 | Bright Future Holdings, LLC (Compl. ¶ 7.) | | Fort Meyers, FL | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 15 | June 28, 2017 | Harvester Nutrition, LLC (Compl. ¶¶ 2-4.) | | Grand Junction, CO | Mediation required (court of proper jurisdiction for TRO's and injunctive relief) |
| 16 | June 28, 2017 | Harvester Nutrition, LLC (Compl. ¶¶ 2-4.) | | Henderson, NV | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |
| 17 | November 9, 2017 | Vivify, Inc. (Compl. ¶¶ 8-9.) | | Charleston, SC | Mediation (court of proper jurisdiction for TRO's and injunctive relief) |

15