UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| DONOVAN MIDDLETON and HARVESTER NUTRITION, LLC,<br><br>Plaintiffs,<br><br>-vs-<br><br>COMPLETE NUTRITION FRANCHISING, LLC, et al.,<br><br>Defendants. | Case Number: 8:18-CV-115 |

**PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs, by and through counsel, respectfully move this Court to deny Defendant's Motion to Dismiss. In support, Plaintiffs state as follows:

**INTRODUCTION**

Plaintiffs executed franchise agreements with the franchisor, Defendants Complete Nutrition Franchising, LLC, Complete Nutrition Franchise Holdings, LLC, and CR Holdings, LLC, to open and operate Complete Nutrition retail locations to sell nutritional supplements. Prior to Plaintiffs' purchases the franchisor was purchased by a private equity firm, Defendants Dominus Health Intermediate Holdco, LLC and Dominus Health Holdings, LLC, which quickly defaulted in its loan with its secured lender on or around the time of Plaintiffs' purchase. **With the exception of the franchise agreements of Plaintiffs and seven other franchisees,[1]** the secured lender ultimately assumed control of the remaining franchisees in the system and later

---

[1] The six other franchisees initially filed suit jointly with Plaintiffs. Pursuant to this Court's order by the magistrate judge, the other franchisees now maintain separate but identical suits.

1

obtained the assets of the franchisor. The franchise agreements of Plaintiffs and the seven other franchisees still remain under the control of the Defendants. However, as a result of the Defendants' loan default, the franchisor was rendered insolvent and failed to provide the services required under the franchise agreements existing with Plaintiffs. Plaintiffs initiated suit, along with other franchisees, alleging breach of contract, breach of the covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, and violation of the Nebraska Deceptive Trade Practices Act. Plaintiffs also seek to pierce the corporate veil of the franchisor. Upon motion by Defendant Complete Nutrition Franchising, LLC, Plaintiffs' claims were severed from the identical claims of the seven other franchisees. Thereafter, Defendants filed their Motion to Dismiss in this case and all the cases severed from it. Plaintiffs submit this brief in opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *McShane Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (9th Cir 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The court assesses plausibility considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. *Whitney v. Guys, Inc.,* 700 F.3d 1118, 1128 (8th Cir 2012). A claim has facial plausibility when the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). Here, Defendants seek to dismiss every

count of Plaintiffs' Amended Complaint. However, pursuant to the following, Defendants' motion should be denied.

## ARGUMENT

A review of the comprehensive facts set forth in the Amended Complaint fully support Plaintiffs' claims for piercing the corporate veil, fraudulent misrepresentation/fraudulent concealment, negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing.

### Count 16: Piercing the Corporate Veil

Count 16 should not be dismissed.

    A. *Piercing the Corporate Veil is Not a Cause of Action*

Plaintiffs agree with Defendants that piercing the corporate veil is not a cause of action which would subject Defendants to monetary judgment. However, it is an equitable remedy invoked to impose liability on corporate shareholders for the debts of the corporation. *SBC v. Cutler*, 23 Neb. App. 939, 946, 879 N.W.2d 45 (2016). In other words, if this Court determines that the corporate veil should be pierced, the corporate shareholders may be financially liable for any judgment Plaintiffs may obtain under the claims contained in the Amended Complaint. The prayer for relief in Count 16 of the Amended Complaint only seeks an Order from the Court piercing the veil. Plaintiffs set out the piercing the veil claim in a separate count as a matter of organization, to keep the claim separate and distinct from its other causes of action, and to put Defendants on notice. Federal Rule of Civil Procedure 8(d)(1) states "no technical form is required" for pleadings. Plaintiffs' decision to set forth the piercing the corporate veil claim as a separate count is not dispositive as to whether Plaintiffs have stated a claim under that theory.

    B. *Count 16 - Piercing the Corporate Veil*

In the Eighth Circuit, whether to pierce corporate veil is legal determination governed by state law. *Stoebner v. Lingenfelter* 115 F.3d 576, 579 (8th Cir 1997). Under Nebraska law, a plaintiff seeking to pierce the corporate veil must allege and prove that the corporation was under the actual control of the shareholder and the shareholder exercised such control to commit a fraud or other wrong in contravention to plaintiff's rights. *SBC v. Cutler*, 23 Neb.App. at 879 (citing *Christian v. Smith*, 276 Neb. 867, 759 N.W.2d 447 (2008)). A plaintiff seeking to impose liability for a corporate debt on a shareholder has the burden to show by a **preponderance of the evidence** that the corporate identity must be disregarded to prevent fraud or injustice to the plaintiff. *Id.* (emphasis added). The factors to be considered include, but are not limited to:

> (1) Grossly inadequate capitalization; (2) insolvency of the debtor corporation at the time the debt is incurred; (3) diversion by the shareholder or shareholders of corporate funds or assets to their own for improper purposes; and (4) the fact that the corporation is a mere façade for the personal dealings of the shareholder and that the operations of the corporation are carried on by the shareholder in disregard of the corporate entity.

*Christian*, 276 Neb. at 883.

At this stage, Plaintiffs simply need to allege factual matter, accepted as true, to state a claim to relief that is plausible on its face. Plaintiffs have pled that the franchisor was grossly undercapitalized, insolvent at the time Plaintiff's claims arose, under the actual control of the shareholder, and that such control was used to commit a fraud or wrong in contravention to Plaintiffs' rights. (Dkt #45 ¶160-166; Ex. 2.) The decision in *Christian* was reached after the court applied the four-part test not only to the allegations in the pleadings, but to the discovery that had been conducted. The chart below, based on information obtained from the franchisor's Franchise Disclosure Document as set forth in the Amended Complaint, shows the web of all the interrelated companies, members, and shareholders. That information alone is enough to permit the piercing the veil claim to proceed to discovery. The additional factual allegations set forth in

4

the Amended Complaint concerning the franchisor's default on its debt, in a relatively short period of time, certainly raises an inference that it was undercapitalized at the time it was established.

Defendants are seeking to hold Plaintiffs to a pleading standard that is inappropriate at the early stages of this proceeding and is not supported by the Federal Rules of Civil Procedure or any court decision. Plaintiffs have stated a claim for their piercing the veil claim and should be permitted to conduct discovery. Therefore, the court should deny Defendants' Motion to Dismiss as it relates to the claim for piercing the corporate veil against Defendants.



*Counts 4, 9, 14 - Fraudulent Misrepresentation/Fraudulent Concealment*

In order to maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that the plaintiff

suffered damage as a result. *Outlook Windows Partnership v. York Intern. Corp.*, 112 F. Supp. 2d 877, 893-94 (D. Ne. 2000) (citing *Cao v. Nguyen*, 258 Neb. 1027, 1031 (2000)). Intent to deceive is not an indispensable element of a cause of action for fraud based on misrepresentation. (*Id.* at 894)(citing *Foiles v. Midwest Street Rod Ass'n of Omaha,* 294 Neb. 552, 556-57 (1998)).

 Defendants contend that Plaintiffs filed a "shotgun pleading" that vaguely states the Defendants engaged in fraudulent conduct. "Shotgun pleadings" are those that incorporate every antecedent allegation by reference into each subsequent claim for relief. *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). When no further reference is made to the previous allegations in the complaint, the reader is left to wonder which prior paragraphs support the elements of the fraud claim. *Id.* Unlike the *Wagner* case, here Plaintiffs specifically directed the Defendants to the exact prior paragraphs that support their elements of the fraud claim. (Dkt.# 45 ¶¶86,87,117,118,148,149.) Furthermore, a careful reading the Plaintiff's Amended Complaint shows that Plaintiffs pled with particularity the circumstances constituting the fraud or mistake.

 Plaintiffs provided Defendants with facts sufficient to establish the "who, what, where, when and how" of the underlying fraud. For example, each and every representation discussed in ¶53, subparagraphs a through u, is supported by an exhibit showing the who, what, where, and how. (Dkt.# 45.) The "when" is provided in ¶51 and ¶52 by stating that the representations were made prior to Plaintiffs' decision to purchase (the date of which is provided in ¶¶1,2,3,4 and the corresponding exhibit.) (*Id.*) Furthermore, the representations discussed in ¶54, subparagraphs a through b, are directly from the dated Franchise Disclosure Document Defendants provided to the Plaintiffs as required by the FTC Rule of delivery - at least ten days prior to Plaintiffs'

purchase of the franchises. [2] (*Id.*) Finally, ¶55 also contains the who, what, when, where, and how regarding the representation made. (*Id.*) The pleading of fraud with particularity requirement is designed to enable defendants to respond "specifically, at an early state of the case to potentially damaging allegations of immoral and criminal conduct." *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). The level of particularity required depends on, *inter alia*, the nature of the case and the relationship between the parties. *Id.* In this case, Plaintiffs have pled with a level of particularity to satisfy the notice requirements of a fraud claim.

Defendants also contend that several of the representations discussed in the subparagraphs of ¶53 did not originate from Defendants. However, the Restatement (Second) of Torts §533, pp.72-73 (1977), provides that "the maker of a fraudulent misrepresentation is subject to liability…if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 171 (2008). The representations set forth in the Amended Complaint that may have come through third parties clearly contain information provided by Defendants as part of the effort to sell Complete Nutrition franchises. As such, the representations can be actionable. !

Plaintiffs have provided sufficient factual support for its allegations of fraudulent misrepresentation against Defendants and, therefore, Defendants' Motion to Dismiss Count 4, 9, and 14 should be denied.

### A. The Merger Provision in the Franchise Agreement is not Dispositive

---

[2] While the Amended FTC Franchise Rule does not provide for a private cause of action for violations of the Rule, §436.6 of the Rule states that "[i]t is an unfair or deceptive act or practice ….for any franchisor to fail to include the information and follow the instructions for preparing disclosure documents…"

There is no dispute that all of the Complete Nutrition franchise agreements contain a merger clause as set forth in Defendants' Brief in Support of the Motion to Dismiss. Defendants allege that the merger clause (also referred to as an integration clause) is dispositive on Plaintiffs' fraud claims. In effect, Defendants are claiming that the merger clause renders them immune from any claims of fraud. However, that position directly contradicts Nebraska law as established by the Nebraska Supreme Court. In *Nielsen v. Adams,* 223 Neb. 262, 388 N.W.2d 840 (1986), the court stated:

> It is true that in discussing the elements of fraud we said a disclaimer clause is relevant in determining whether a claimant relied on a false representation disclaimed in the clause. We also said, however, that the disclaimer is ineffective to preclude the trier of fact from considering whether fraud induced formation of the bargain.

The holding in *Nielsen* was reinforced by the court in *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 518 N.W.2d 910 (1994). These holdings make it clear that while the merger clause may be relevant to the issue of reliance, the clause is just one factor to be determined by the trier of fact. Defendants' argument to the contrary must be rejected.

<u>Counts 3, 8, 13- Negligent Misrepresentation</u>

In Counts 3, 8, and 13 of the Amended Complaint, Plaintiffs allege that (1) Defendants owed a duty to Plaintiffs to provide information as to the financial viability of the franchisor and, specifically, that the franchisor was in default or struggling to satisfy its obligations with its secured lender; (2) Defendants knew or should have known such information was material; (3) Defendants breached their duty by failing to disclose such information to Plaintiffs; (4) Plaintiffs justifiably relied upon the information provided by Defendants; and (6) had Plaintiffs been aware of the financial distress of the franchisor, they would not have entered into the franchise agreement and would not have suffered losses. [Dkt.# 45, ¶¶ 79-83, 110-114, 141-145]. Clearly,

8

Plaintiffs' claim of negligent misrepresentation is not based on an affirmative or explicit representation. Rather, it is the failure of the franchisor to provide information to Plaintiffs concerning its financial distress which forms the basis of Plaintiffs' claim for negligent misrepresentation.

Liability for negligent misrepresentation is based upon the failure of the actor to exercise reasonable care or competence in supplying correct information. *Gibb*, 518 N.W.2d at 920. "Under the law of negligent misrepresentation, 'one who, in a transaction in which he has a pecuniary interest, supplies false information for the guidance of others…is subject to liability for pecuniary competence in obtaining or communicating the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" *Farm Credit Services of America, FLCA v. Haun*, 734 F.3d 800, 805 (8th Cir 2013) (quoting *Nelson v. Wardyn*, 19 Neb.App. 864, 820 N.W.2d 82, 87 (2012)). Whether a party's reliance upon a misrepresentation was reasonable is a question of fact. *Neb. Nutrients, Inc. v. Shepherd*, 626 N.W.2d 472, 496 (Neb. 2001).

In this case, Plaintiffs allege that the negligence occurred due to failure to disclose a material fact. In Plaintiffs' negligent misrepresentation claim, there is no allegation that any of the Defendants provided any affirmative representation upon which Plaintiffs relied. Rather the basis of the claim is that Defendants had a duty to disclose but failed to do so. Counts 3, 8, and 13 of the Amended Complaint specifically set forth the information Plaintiffs allege Defendants were under a duty to disclose. There are numerous factual allegations in the Amended Complaint which set forth the financial struggles of the franchisor. Defendants are given ample notice of the alleged misrepresentation by omission sufficient to give them adequate notice of the

claim. Therefore, Defendants' Motion to Dismiss as to negligent misrepresentation contained in Counts 3, 8, and 13 of the Amended Complaint should be denied.

*Counts 1, 6, 11 -Breach of Contract*

Plaintiffs do not believe that there will be any dispute that the parties entered into a franchise agreements. Defendants' sole point in their motion is that Plaintiffs have failed to state a claim due to the failure to allege that Plaintiffs complied with their obligations under the franchise agreements. However, the mere execution of the franchise agreements imposed duties on the franchisor which, if breached, would support a breach of contract claim. Counts 1, 6, and 11 of the Amended Complaint set forth, in detail, the sections of the franchise agreements that Plaintiffs allege were breached.

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. The Eighth Circuit has held that the essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)(quoting *Redland Ins. Co. v. Shelter Gen. Ins. Cos.*, 121 F.3d 443, 446 (8th Cir. 1997)). "[I]t is the facts well pleaded, not the theory of recovery or legal conclusions" that state a cause of action and put a party on notice. *Economy Housing Co. v. Continental Forest Products, Inc.*, 757 F.2d 200, 203 (8th Cir. 1985)(quoting *Moore v. Puget Sound Plywood, Inc.,* 214 Neb. 14, 332 N.W.2d 212, 215 (1983)). Counts 1, 6, and 11 clearly put Defendants on notice of the breach of contract claim being asserted against it. Therefore, the Motion to Dismiss as it relates to Count 1, 6, and 11, the breach of contract claims, should be denied. In the alternative, should the Court determine that Plaintiffs are required to specifically plead that they have complied with their obligations under

the franchise agreements, Plaintiffs would request leave to amend the Amended Complaint in order to add a paragraph stating that the Plaintiffs fully complied with their obligations under the franchise agreements prior to the breach of the franchisor.

### *Counts 2, 7, 12 - Breach of Implied Covenant of Good Faith and Fair Dealing*

Counts 2, 7, and 12 of Plaintiffs' Amended Complaint seek recovery for Defendants' breach of the covenant of good faith and fair dealing. The covenant of good faith and fair dealing exists in every contract and requires that none of the parties to the contract do anything which will injure the rights of another party to receive the benefit of the contract. *Coffey v. Planet Group, Inc.*, 287 Neb. 834, 845 N.W.2d 255, 263 (2014). The nature and extent of an implied covenant of good faith and fair dealing are measured by the justifiable expectations of the parties. *Id.* Where one party acts arbitrarily or unreasonably, that conduct exceeds the justifiable expectations of the second party. *Id.* A violation of the covenant occurs when a party violates, nullifies, or significantly impairs any benefit of the contract. *Id.*

In Counts 2, 7, and 12, Plaintiffs explicitly state that Defendants violated the covenant of good faith and fair dealing when it violated the terms of the contract relating to ongoing support and marketing efforts. Plaintiffs allege that the Defendants took actions that solely benefitted them at the expense of Plaintiffs and the other franchisees in the system or, in other words, significantly impaired the benefit the franchisees, including the Plaintiffs, justifiably expected to receive under the franchise agreements. These allegations, if accepted as true, state a claim for relief that is plausible on its face. Therefore, Defendants' Motion to Dismiss as to Counts 2, 7, and 12 of the Amended Complaint should be denied. In the alternative, should the Court determine that more specificity is required, Plaintiffs requests leave of Court to amend their Amended Complaint to add such specificity.

*Counts 5, 10, 15 – Nebraska Deceptive Trade Practices Act*

Counts 5, 10, and 15 of Plaintiffs' Amended Complaint sets forth a claim under the Nebraska Deceptive Trade Practices Act, Neb. Stat. § 87-301, *et seq*. Section 87-303 of the Act provides for a private cause of action for injunctive relief only. As Plaintiffs are seeking money damages for all other claims, and all other claims are based on the same set of operative facts, Plaintiffs consent to dismissal of Count 5, 10, and 15 of their Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint should be denied with the exception of Counts 5, 10, and 15 which should be dismissed by consent of the parties. Should the Court determine that any of Plaintiffs' claims require further specificity, Plaintiffs requests leave of Court to file an Amended Complaint. DATED this 1st day of March, 2019.

/s/ Jonathan E. Fortman
Jonathan E. Fortman
Law Office of Jonathan E. Forman, LLC
250 Saint Catherine Street
Florissant, MO 63031
Telephone: (314) 522-2312
Email: jef@fortmanlaw.com

*Attorney for Plaintiff*

## Certificate of Service

A true and accurate copy of the forgoing has been served upon all parties via the Court's ECF Filing system.

/s/ Jonathan E. Fortman