UNITED STATED DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| DONOVAN MIDDLETON and HARVESTER NUTRITION, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>COMPLETE NUTRITION FRANCHISING, LLC,<br><br>AND<br><br>COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC,<br><br>AND<br><br>CR HOLDINGS, LLC,<br><br>AND<br><br>DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC,<br><br>AND<br><br>DOMINUS HEALTH HOLDINGS, LLC,<br><br>    Defendants. | Case Number: 8:18-CV-115 |

**DEFENDANTS' BRIEF IN SUPPORT OF**
**<u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

Defendants, Complete Nutrition Franchising, LLC, Complete Nutrition Franchise Holdings, LLC, CR Holdings, LLC, Dominus Health Intermediate Holdco, LLC, and Dominus Health Holdings, LLC, by their undersigned counsel, Saul Ewing Arnstein & Lehr LLP and

1

Woods & Aitken LLP, reply in support of their Motion to Dismiss Amended Complaint as follows:

**INTRODUCTION**

Plaintiffs' Complaint[1] fails as a matter of law. Plaintiffs were required, but failed, to allege any specific actions taken by any Defendant that resulted in any injury specific to Plaintiffs. Instead, Plaintiffs continue to improperly commingle their claims with those of other, now severed, plaintiffs. The Court has already warned Plaintiffs regarding this defective form of pleading. In their original pleading, Plaintiffs were part of several plaintiffs that commingled various facts and claims. (Dkt. #1.) However, the Court found these allegations to be improper because they allegedly arose from *nineteen* separate transactions such that there was no logical relationship between the events underlying the claims. (Dkt. #44, pp. 3-4.) On November 19, 2018, the Court severed the case and ordered each plaintiff to file amended pleadings, ordering that each pleading "must be specific to the claims of only the named plaintiff(s) in that separate case." (Dkt. #44, p. 5.)

Plaintiffs ignored the Court's well-reasoned decision and re-pled the same commingled claims that still cannot be differentiated among the various plaintiffs. Indeed, the Complaint is identical to the other seven amended complaints – it alleges the same factual background, attaches the same exhibits, and alleges nearly the exact same causes of action as the other amended complaints. (Dkt. #45.) Because Plaintiffs' Complaint does not set forth any allegations specific to Plaintiffs, Plaintiffs cannot state a cause of action under Rule 12(b)(6) and the Court should dismiss the Complaint with prejudice.

---

[1] Capitalized terms herein shall have the same meaning as those defined in Defendants' Motion to Dismiss.

## ARGUMENT

*Count 16: Piercing the Corporate Veil—All Defendants*

Plaintiffs cannot state a cause of action under Count 16. Plaintiffs concede "that piercing the corporate veil is not a cause of action which would subject Defendants to monetary judgment." (Response, Dkt. #62, p. 3.) That concession alone warrants dismissal of Count 16.

Plaintiffs improperly argue that the Court should disregard the law of the 8th Circuit and allow its claim to proceed. Plaintiffs' argument fails because, again, veil-piercing is only a remedy and *not* a stand-alone cause of action. *See Tamko Roofing Products, Inc. v. Smith Engineering Co.*, 450 F.3d 822, n. 2 (8th Cir. 2006) ("[P]iercing the corporate veil under an alter ego theory is best thought of as a remedy to enforce a substantive right, and not as an independent cause of action.").

As it is a remedy, Plaintiffs admit that their claim is premature and would be actionable only "if this Court determines that the corporate veil should be pierced, the corporate shareholders may be financially liable for any judgment Plaintiffs may obtain[.]" (Response, Dkt. 62, p. 3.) In practice a plaintiff must first obtain a judgment and, if the debtor does not satisfy the judgment, then a plaintiff could attempt to seek veil-piercing relief in a post-judgment proceeding. There is no authority cited by Plaintiffs that would allow them to proceed on a stand-alone veil-piercing claim prior to the entry of a judgment.

Even if Plaintiffs could sufficiently plead a remedy for piercing the corporate veil, and the Court should find that Plaintiffs cannot, Plaintiffs do not allege sufficient facts to support the remedy. "A court will disregard a corporation's identity *only* where the corporation has been used to commit fraud, violate a legal duty, or perpetrate a dishonest or unjust act in contravention of the rights of another." *Christian v. Smith*, 276 Neb. 867, 883 (Neb. 2008) (emphasis added).

Plaintiffs attempt to mislead the Court through an inaccurate graphic purportedly depicting Defendants' corporate structure. This graph is not an allegation that the Court can consider, fails to cite to any evidence or pleading in support of the facts alleged therein, and should be disregarded. As stated in Neb. Civ. R. 7.1(a)(1)(A), the brief must not recite facts unless supported as described in Neb. Civ. R. 7.1(a)(2), which requires citation to pertinent pages of pleadings, affidavits, depositions, etc. Plaintiffs make no such citation and seemingly argue that simply having a corporate structure among related entities amounts to fraud or some other impropriety. A true and accurate graph depicting Defendants' corporate structure, supported by Dkt. ## 25, 56-59, is attached as **Exhibit 1**[2]. There is no allegation in the Complaint, nor could there be, that there is anything fraudulent or improper about Defendants' relationship with one another that would allow Plaintiffs to proceed on this claim. Count 16 of Plaintiffs' Complaint must be dismissed.

*Counts 4, 9, 14—Fraudulent Misrepresentation/Fraudulent Concealment—All Defendants*

Plaintiffs conclusorily claim in Counts 4, 9, and 14 that Defendants made false representations and fraudulently concealed material information. (Dkt. #45, ¶¶ 84-89, 115-120, 146-151.) These allegations lack the required specificity and particularity to plead fraud. "A plaintiff who makes allegations based on fraud must state with particularity the circumstances constituting the fraud[.]" *E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012). Plaintiffs are thus required to plead "the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *See Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982). Plaintiffs must also allege

---

[2] Per agreement with Plaintiff's counsel, Defendants will file their Index of Evidence and supporting Declaration within two (2) days of filing this brief.

facts establishing the "who, what, where, when, and how" underlying the alleged fraud." *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 1982)).

Plaintiffs fail to meet this heightened standard of particularity. Plaintiffs do not allege the dates of any fraudulent representation. Plaintiffs do not allege the identity of who specifically made the representation on Defendants' behalf. Surely, to the extent such facts exist, Plaintiffs could allege where they were when the representation was made, identify who was present, state how the representation was communicated to Plaintiffs, and identify who made the representation. Plaintiffs' failure to plead these allegations leads to only one conclusion – there are no set of facts that exist that could state a cause of action.

Additionally, Plaintiffs argue that they have pled fraud with particularity by citing to specific paragraphs of its Complaint as containing allegedly fraudulent communications. (Response, Dkt. #62, p. 6.) While Plaintiffs do cite to paragraphs 53 and 54, Plaintiffs fail to mention that paragraphs 53 and 54 span nearly six pages and reference a number of exhibits. (Dkt. #45, ¶¶ 53-54.) This practice of throwing numerous alleged representations in the Complaint and hoping that some of them stick is insufficient under Rule 9(b).

Moreover, Plaintiffs somehow allege, without any facts, that that <u>*all five*</u> Defendants made representations. (Dkt. #45, ¶¶ 84-89, 115-120, 146-151.) Plaintiffs have sued five separate corporate entities and claim that they are all liable for fraud, despite that fact that they only executed the Franchise Agreement with CNF. The nature of this claim demands an especially heightened pleading standard, yet Plaintiffs have failed to include any specifics about the alleged fraudulent conduct. *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (noting that the level of particularity required depends upon the nature of the case). Here,

Plaintiffs do not allege, for example, which Defendant made which representation, where the representation was made, or who was present at the time, among other missing specifics.

Plaintiffs' claim is also defective because it attempts to impute allegedly fraudulent statements allegedly made by third parties that Plaintiffs admit did not originate from Defendants. Plaintiffs still argue that "[t]he representations set forth in the Amended Complaint that may have come through third parties clearly contain information provided by Defendants as part of the effort to sell Complete Nutrition franchises." (Response, Dkt. #62, p. 7.) This statement is entirely speculative and conclusory and cannot satisfy the heightened level of specificity necessary for pleading fraud. *See Knights of Columbus Council 3152 v. KFS BD, Inc.*, 280 Neb. 904, 916 (2010) (a plaintiff can only rely on the third-party communication of a defendant's fraudulent misrepresentation "if the plaintiff shows that the defendant intended the plaintiff to learn of and rely on it"). Because Plaintiffs cannot point to an actual representation made directly to Plaintiffs by any Defendant, Plaintiffs fail to state a cause of action under Counts 4, 9, and 14.

*Counts 3, 8, 13—Negligent Misrepresentation—All Defendants*

Negligent misrepresentation has essentially the same elements as fraudulent misrepresentation, with the exception of defendant's mental state. *Nelson v. Wardyn*, 19 Neb.App. 864, 870 (2012). Claims of negligent misrepresentation must also be pled with heightened particularity under Rule 9(b). Here, Plaintiffs have failed to plead their claim of negligent misrepresentation with sufficient particularity. Much like their claims of fraudulent misrepresentation, Plaintiffs allege <u>*all five*</u> Defendants are liable through their alleged misrepresentations and failure to disclose material facts. (Response, Dkt. #62, pp. 8-9.) These allegations do not inform Defendants as to who made the representations or who specifically

failed to disclose information. *See BJC*, 478 F.3d at 917. This information is essential to enable Defendants to adequately respond to Plaintiffs' Complaint. Without this information, Count 3, 8, and 13 should be dismissed.

*Counts 1, 6, 11—Breach of Contract—All Defendants*

In their Response, Plaintiffs admit that they have failed to include any allegations that they complied with their obligations under the Franchise Agreement. (Response, Dkt. #62, p. 10.) This admission is fatal to Plaintiffs' breach of contract allegations. There can be no liability for breach of contract where the pleading party fails to allege that it has complied with its own obligations under the contract. *Phipps v. Skyview Farms, Inc.*, 259 Neb. 492, 498 (2000). Counts 1, 6, and 11 should therefore be dismissed.

*Counts 2, 7, 12—Breach of the Implied Covenant of Good Faith and Fair Dealing—All Defendants*

Plaintiffs provide no support for Counts 2, 7, or 12 for violation of the implied covenant of good faith and fair dealing. A violation of the implied covenant occurs only when a party violates, nullifies, or significantly impairs any benefit of the contract, which allegations must be established by proof. *In re Application of Northeast Neb. Pub. Power Dist.*, 300 Neb. 237, 254 (Neb. 2018); *Coffey v. Planet Group, Inc.*, 287 Neb. 834, 843-44 (Neb. 2014). Plaintiffs simply allege that Defendants took actions to benefit themselves by allegedly violating the terms of the Franchise Agreement. (Dkt. #45, ¶¶ 76, 107, 138.) Plaintiffs allege no facts, let alone sufficient facts, to support these allegations.

Further, Plaintiffs have not alleged and cannot allege that they have performed all of their obligations under the Franchise Agreement. A party cannot justifiably expect to receive contractual benefits when it has failed to perform its obligations under the contract at issue. *See*

*id*. (holding that the covenant of good faith and fair dealing is construed according to the "justifiable expectations of the parties."). Clearly, there is no set of facts under which Plaintiffs can allege a violation of the implied covenant of good faith and fair dealing. Counts 2, 7, and 12 should be dismissed.

*Counts 5, 10, 15—Violation of the Nebraska Deceptive Trade Practices Act—All Defendants*

In the Response, Plaintiffs concede that they cannot sustain a cause of action for violation of the Nebraska Deceptive Trade Practices Act and consents to its dismissal. Counts 5, 10, and 15 of the Complaint should therefore be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Complete Nutrition Franchising, LLC, Complete Nutrition Franchise Holdings, LLC, CR Holdings, LLC, Dominus Health Intermediate Holdco, LLC, and Dominus Health Holdings, LLC respectfully pray for an order from this Court dismissing Plaintiffs Donovan Middleton and Harvester Nutrition, LLC's Amended Complaint, with prejudice, and for any further relief this Court deems just.

Dated: March 18, 2019

Respectfully submitted,

Complete Nutrition Franchising, LLC, Defendant

By: /s/ Konstantinos Armiros
Eugene J. Geekie, Jr. (admitted pro hac vice)
Konstantinos Armiros (admitted pro hac vice)
Thomas A. Laser (admitted pro hac vice)
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Phone: (312) 876-7100
Email: eugene.geekie@saul.com
konstantinos.armiros@saul.com
tom.laser@saul.com

and

8

                                            Erin Ebeler Rolf, No. 23923  
                                            Woods & Aitken LLP  
                                            301 S 13th Street, Suite 500  
                                            Lincoln, Nebraska 68508  
                                            Phone:     402-437-8500  
                                            Email:     eerolf@woodsaitken.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed using the CM/ECF system on March 18, 2019, which transmitted the same to all counsel registered to receive service via the same.

/s/ Thomas A. Laser
Thomas A. Laser