IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONOVAN MIDDLETON and HARVESTER NUTRITION, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC,<br><br>        Defendants. | **8:18CV115**<br><br>**MEMORANDUM AND ORDER** |
| EDGAR ROJAS and CHRISTINA SOARES,<br><br>        Plaintiffs,<br><br>v.<br><br>COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC,<br><br>        Defendants. | **8:18CV543** |
| HERMAN HOURIE and NUTRITION CASTLE, LLC,<br><br>        Plaintiffs,<br><br>v. | **8:18CV544** |

| | |
|---|---|
| COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC, <br><br> Defendants. | |
| BRIGHT FUTURE HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC, <br><br> Defendants. | **8:18CV545** |
| VIVIFY, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC, <br><br> Defendants. | **8:18CV546** |

| | |
|---|---|
| WARRIOR FITNESS & NUTRITION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC, <br><br> Defendants. | **8:18CV547** |
| KATHERINA JERAK, <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC, <br><br> Defendants. | **8:18CV548** |
| M.G. NUTRITION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE NUTRITION FRANCHISING, LLC; COMPLETE NUTRITION FRANCHISE HOLDINGS, LLC; CR HOLDINGS, LLC; DOMINUS | **8:18CV549** |

| HEALTH INTERMEDIATE HOLDCO, LLC; and DOMINUS HEALTH HOLDINGS, LLC, |
|---|
| Defendants. |

This matter is before the Court on yet another string of nearly identical motions (Filing No. 69 in 8:18CV115, 8:18CV543, 8:18CV545, 8:18CV547, 8:18CV548 and 8:18CV549; Filing No. 73 in 8:18CV544; Filing No. 70 in 8:18CV546) filed by plaintiffs Donovan Middleton, Harvester Nutrition, LLC, Edgar Rojas, Christina Soares, Herman Hourie, Nutrition Castle, LLC, Bright Future Holdings, LLC, Vivify, Inc., Warrior Fitness & Nutrition, LLC, Katherina Jerak, and M.G. Nutrition, LLC (collectively, "plaintiffs"). The plaintiffs seek to alter or amend judgment and to amend their amended complaints (Filing No. 45 in each case) in each of their respective cases. Defendants Complete Nutrition Franchising, LLC, Complete Nutrition Franchise Holdings, LLC, CR Holdings, LLC, Dominus Health Intermediate Holdco, LLC, and Dominus Health Holdings, LLC (collectively, "defendants") resist the motions. For the reasons stated below, the plaintiffs' motions will be denied.

## I. BACKGROUND

According to the plaintiffs, the defendants comprise the Complete Nutrition Franchise system. The plaintiffs are or were independent franchisees of Complete Nutrition who entered into separate franchise agreements over the course of seven years.

On March 9, 2018, the plaintiffs collectively sued (Filing No. 1 in each case) the defendants asserting various claims arising from those franchise relationships. On November 19, 2018, the magistrate judge severed (Filing No. 44 in each case) the plaintiffs' claims because they arise "from separate and distinct transactions." The magistrate judge ordered each of the plaintiffs to file amended complaints "specific to the claims of only the named plaintiff(s) in that specific case."

On December 17, 2018, the plaintiffs each filed amended complaints virtually identical to one another. The defendants moved to dismiss (Filing No. 54 in 8:18CV115, 8:18CV543, 8:18CV545, 8:18CV547, 8:18CV548, and 8:18CV549, Filing No. 58 in 8:18CV544, and Filing No. 55 in 8:18CV546) the plaintiffs' claims on February 4, 2019, pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiffs conceded defeat on some claims, but otherwise resisted the defendants' motions.

In their briefs opposing the defendants' motions to dismiss, the plaintiffs also included fallback positions buried at the end of their arguments. The plaintiffs indicated that if the Court was inclined to grant the defendants' motions, *then* they would request leave to amend their amended complaints. Those buried, information, and conditional requests made no attempt to comply with the local rule, NECivR 15.1.

In a Memorandum and Order dated May 8, 2019 (Filing No. 67 in 8:18CV115, 8:18cv543, 8:18CV545, 8:18CV547, 8:18CV548, and 8:18CV549; Filing No. 71 in 8:18CV544; Filing No. 68 in 8:18CV546), the Court granted the defendants' motions to dismiss. The Court denied the plaintiffs' informal requests to amend for failing to comply with NECivR 15.1 and entered judgment (Filing No. 68 in 8:18CV115, 8:18cv543, 8:18CV545, 8:18CV547, 8:18CV548, 8:18CV549; Filing No. 72 in 8:18CV544; Filing No. 69 in 8:18CV546) for the defendants against the plaintiffs in each respective case. The plaintiffs now seek relief under Federal Rule of Civil Procedure 59(e). To support their requests for leave to amend, the plaintiffs have offered proposed second amended complaints, which again are near carbon-copies of one another.

## II.    DISCUSSION
### A.    Standard

When a case "is dismissed for failure to state a claim, the district court has 'considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored.'" *Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009)). The Court

5

must not ignore the considerations of Federal Rule of Civil Procedure 15(a)(2), but the Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)).

The Court may deny leave to amend "'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment,' even when doing so will necessarily prevent resolution on the merits." *Ash v. Anderson Merch., LLC*, 799 F.3d 957, 963 (quoting *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013)).

After judgment has been entered, the Court will only grant leave to amend if consistent "with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 745 (8th Cir. 2014). "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan*, 889 F.3d at 507 (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Rule 60(b)'s relief is even narrower, requiring the moving party to show "'exceptional circumstances' warranting 'extraordinary relief.'" *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)).

Here, the plaintiffs seek relief under Rule 59(e), but have neither explained why relief is justified under that standard nor alleged any "exceptional circumstances" warranting relief under Rule 60(b).

Instead, the plaintiffs argue they "ought to be afforded **an opportunity** to test [their] claim[s] on the merit." But the plaintiffs have had **numerous opportunities** to test the water in this case. The plaintiffs were twice advised on the potential frailty of their pleadings and twice decided against curing any shortcomings.

First, in ruling on the defendants' motion to sever, the magistrate judge ordered the plaintiffs to file separate amended complaints specific to each plaintiff. The plaintiffs did not heed that prudent directive, instead again filing identical pleadings in their then-severed cases.

Second, the plaintiffs received notice of possible deficiencies in their amended complaints when the defendants filed their motions to dismiss. Relevant here, the plaintiffs asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing in their amended complaints. But the defendants aptly noted in their motions to dismiss that the plaintiffs did not plead an element of their claims under Nebraska law: "compliance with any conditions precedent to activate the defendant[s'] duty." *Kotrous v. Zerbe*, 846 N.W.2d 122, 126 (Neb. 2014). Though this omission was both obvious and easily correctable, the plaintiffs opted to test the water and fight dismissal (a tactical decision they were entitled to make).

Unexcused delay justifies denying relief, "particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Ash*, 799 F.3d at 962 (quoting *Horras*, 729 F.3d at 804). In this case, the plaintiffs were put on notice 180 days and 93 days before the Court dismissed their cases by the magistrate judge's ruling and the defendants' motions to dismiss, respectively. Under these circumstances, where the plaintiffs had the opportunity to properly request leave to amend prior to dismissal and have not explained "why their litigation decisions did not amount to undue delay, or why the resulting delay was otherwise excusable," *id.* at 964, the Court finds relief is not warranted.

Moreover, as noted by the defendants, the plaintiffs' proposed second amended complaints are once again virtually identical to one another, lacking sufficient facts specific to each case. Futility is yet another valid reason to deny a motion to amend. *Ryan*, 889 F.3d at 508.

Finally, though not stressed by the plaintiffs, the Court notes it is not moved by the plaintiffs' former informal request for leave to amend their amended complaints. To indulge those requests would require not only ignoring the local rules, but also neglecting any notion of judicial economy. The Court sees no reason to allow leave to amend after it has already gone through an academic exercise of ruling on the defendants' motions to dismiss, pointing out the failings of the plaintiffs' amended complaints, and essentially telling the plaintiffs how to fix their amended complaints (even though they had previously disregarded the magistrate judge's directive on the specificity pleadings).

On careful review, the Court concludes granting leave to amend would be inconsistent "with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743. For the foregoing reasons, the plaintiffs' Motions to Alter or Amend Judgment and for Leave to File Second Amended Complaint (Filing No. 69 in 8:18CV115, 8:18CV543, 8:18CV545, 8:18CV547, 8:18CV548 and 8:18CV549; Filing No. 73 in 8:18CV544; Filing No. 70 in 8:18CV546) are denied.

IT IS SO ORDERED.

Dated this 2nd day of August 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge